UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-07278-MWF (AJRx) | Date:  October 31, 2025 |
| Title: | Bruce Patrick Baxter et al v. General Motors LLC et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFS' MOTION TO REMAND [13]

Before the Court is Plaintiffs Bruce Patrick Baxter and Michaele J. Baxter's Motion to Remand (the "Motion"), filed August 29, 2025.  (Docket No. 13).  Defendant General Motors LLC ("GM") filed an Opposition on October 10, 2025.  (Docket No. 19).  Plaintiff filed a Reply on October 20, 2025.  (Docket No. 20).

The Motion was noticed to be heard on **November 3, 2025**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**, and Plaintiffs' request for attorneys' fees is **DENIED** *as moot*.  GM's removal was timely because actual damages were not unequivocally clear and certain from the Complaint.

I. **BACKGROUND**

On February 13, 2023, Plaintiffs purchased a 2023 Cadillac XT5 (the "Vehicle") manufactured by GM.  (Complaint (Docket No. 1-1) ¶¶ 6, 9).  In connection with the purchase, Plaintiffs received various warranties.  (*Id.* ¶ 11).

Following the purchase, Plaintiffs allege that defects manifested in the Vehicle, including electrical defects.  (*Id.* ¶ 12).  Plaintiffs presented the Vehicle to GM and/or

---

**CIVIL MINUTES—GENERAL**                                                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-07278-MWF (AJRx)          **Date:** October 31, 2025
**Title:**    Bruce Patrick Baxter et al v. General Motors LLC et al

its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiffs allege that GM failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiffs. (*Id.* ¶ 13–14).

Based on the above allegations, Plaintiffs allege violations of the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1791.1, 1793.2, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312. (*Id.* ¶¶ 8–44).

Plaintiffs commenced this action in Los Angeles County Superior Court on March 25, 2025. (*See generally id.*). On August 6, 2025, GM removed this action on the basis of diversity jurisdiction. (Notice of Removal ("NOR") (Docket No. 1)).

## II.    LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-07278-MWF (AJRx)         **Date:** October 31, 2025
**Title:**     Bruce Patrick Baxter et al v. General Motors LLC et al

damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). The MMWA also establishes that no such claim may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000. "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

## III. DISCUSSION

Plaintiffs challenge GM's removal both on procedural and substantive grounds. The Court will consider each in turn.

### A. Timeliness of Removal

Plaintiffs argue that GM's removal was untimely because removability was ascertainable from the face of the Complaint. (Motion at 5–7). GM disputes that the Complaint provided sufficient information to trigger the deadline for removal. (Opp. at 9–16). GM instead contends that removal was timely after its own investigation revealed a non-speculative basis for seeking removal. (*Id.*; *see also* NOR at 2).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2009). The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). In adopting the "unequivocally clear and certain"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-07278-MWF (AJRx)**           **Date:  October 31, 2025**
**Title:**     Bruce Patrick Baxter et al v. General Motors LLC et al

standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]"  *Id.* at 1094.

On the other hand, if no pleading or other paper served by a plaintiff triggers a 30-day deadline for removal, a defendant is permitted to remove outside of the 30-day period based on its own discovered information.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Here, the Court concludes that the amount in controversy was not ascertainable from the face of the Complaint such that its filing triggered a 30-day deadline to remove the action.  As an initial matter, as to Plaintiffs' federal question argument, Plaintiffs ignore that the MMWA has its own $50,000 amount in controversy requirement.  *See* 15 U.S.C. § 2310(d)(3)(B).  Accordingly, even for the MMWA claim, GM need not remove until it is unequivocally clear and certain that the appropriate amount in controversy is met.  *See Dietrich*, 14 F.4th at 1091.

Nowhere in their Complaint do Plaintiffs allege even a boilerplate statement that they are entitled to more than $50,000, let alone any specific amounts (*i.e.*, purchase price) that would give GM unequivocally clear and certain notice that Plaintiffs' claims were worth $50,000.  *See Lopez v. General Motors, LLC*, No. CV 25-06549-MWF (MAAx), 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (denying remand on timeliness grounds where complaint failed to include purchase price or other data).

Plaintiffs claim that the amount in controversy could be met considering the civil penalties and attorneys' fees available under the SBA.  (Motion at 6–7).  While this Court generally agrees that it may indeed consider civil penalties in assessing the amount in controversy for an SBA claim, *see, e.g.*, *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025), GM could not have calculated civil penalties in this action until the actual damages were certain.  *See Chavez v. FCA US LLC*, No. CV 19-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-07278-MWF (AJRx)**                    **Date:  October 31, 2025**
**Title:**     Bruce Patrick Baxter et al v. General Motors LLC et al

uncertain."); *Covarrubias v. Ford Motor Co.*, No. CV 25-00328-JLS (MAAx), 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain."). The Complaint similarly provides no basis from which GM could conclude that attorneys' fees would meet the amount in controversy. *See Lopez*, 2025 WL 2629545, at *4 (holding that amount in controversy cannot be based on attorneys' fees alone where actual damages and civil penalties under the SBA were uncertain).

Plaintiffs argue, in response, that the caption page and Civil Case Cover Sheet to the Complaint invoked the state court's unlimited jurisdiction, indicating that she was seeking damages above $35,000. (Motion at 6). This argument is unavailing. "Courts have rejected identical arguments that bringing a similar claim under the state court's unlimited jurisdiction is sufficient to show that the amount in controversy requirement is met." *Lopez*, 2025 WL 2629545, at *2 (collecting cases).

Plaintiffs next argue that removability was ascertainable from the Complaint because GM itself had the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint. (Motion at 6). But the Ninth Circuit has explicitly rejected the notion that defendants must "make extrapolations or engage in guesswork" where a complaint does not allege any specific figures that would allow defendants to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (2013).

The Court also notes that, under the SBA, GM was required "to deduct the new offsets authorized by the SBA in addition to the typical mileage offset under the SBA in order to calculate the amount in controversy." *Lopez*, 2025 WL 2629545, at *3. The offset data points were not included in the Complaint and GM could therefore only determine an accurate estimate of actual damages after its own investigation.

Plaintiffs appear dissatisfied that that GM's NOR cites only to that preliminary investigation, rather than any "amended pleadings" or "other paper" which provided GM with new information. (Motion at 7). But GM's conduct was proper in the face of Plaintiffs' Complaint. As the Ninth Circuit has held: "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained

---

**CIVIL MINUTES—GENERAL**                                                                          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-07278-MWF (AJRx)                    Date:  October 31, 2025
Title:      Bruce Patrick Baxter et al v. General Motors LLC et al

and seek removal only when it becomes strategically advantageous for it to do so.  But neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Roth*, 720 F.3d at 1125.

Accordingly, the Complaint did not trigger the deadline for removal.  And GM did remove within 30 days from the date that jurisdictional facts were made clear and certain following its own investigation.

**B.     Amount in Controversy**

Plaintiffs also argue that the alleged amount in controversy, namely the inclusion of civil penalties and attorneys' fees under the SBA, is too speculative and therefore insufficient to establish diversity jurisdiction.  (Reply at 4–6).  The Court first notes that this argument was not raised in Plaintiffs' initial Motion and is therefore improperly raised in the Reply.  *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Even if the argument were properly before the Court, it would fail on the merits.  A plaintiff who establishes that a violation of the SBA was willful may recover civil penalties of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages," *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 10003 (C.D. Cal. 2021), and "[i]t is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  As a result, several courts have found that maximum civil penalties may be included in calculating the amount in controversy.  *See Amavizca v. Nissan N. Am., Inc.*, No. EDCV 22-02256-JAK (KK), 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (collecting cases); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (same).

This is especially true where, as here, there are "allegations in the [Complaint] that Defendant's conduct was willful." *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021); *see also Amavizca*, 2023

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-07278-MWF (AJRx) | Date:  October 31, 2025 |
| Title:     Bruce Patrick Baxter et al v. General Motors LLC et al | |

WL 3020489, at *7.  "Moreover, Defendant is not required to prove the case against itself." *Rahman*, 2021 WL 2285102, at *2; *see also Brooks v. Ford Motor Co.*, No. CV 20-302-DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will den[y] that it willfully failed to comply with the Song-Beverly." (internal quotation marks omitted)).

Here, the Complaint includes several allegations that GM's alleged violations were "willful, in that [GM] and its representatives knew of their legal obligations and intentionally declined to follow them." (Complaint ¶¶ 17, 24, 28).  And Plaintiffs' Prayer for Relief specifically requests the maximum two-times civil penalties.  (*See id.* at 6).

After conducting a preliminary investigation and considering both the purchase price of the Vehicle and any necessary statutory deductions, GM estimated $61,942.30 in Plaintiffs' actual damages.  (*See* NOR at 4–6).  Plaintiffs agree that their actual damages are at a minimum $35,000.  (*See* Motion at 6 n.1).  The sum of GM's estimated actual damages and the permitted two-times civil penalty amount is $185,826.90, which exceeds the jurisdictional threshold.  *See, e.g., Carillo*, 546 F. Supp. 3d at 1003 (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy).

## IV.    **CONCLUSION**

The Motion to Remand is **DENIED**.  Because removal was timely and proper, there is no basis to award attorneys' fees and costs under 28 U.S.C. § 1447(c).  Plaintiffs' request is thus **DENIED** *as moot*.

IT IS SO ORDERED.